NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPACEMAX INTERNATIONAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>CORE HEALTH & FITNESS, LLC d/b/a STAR TRAC, CORE INDUSTRIES, LLC d/b/a STAR TRAC, CENTRAL FITNESS INDUSTRIAL CO., LTD. and MYUNG-BONG LEE,<br><br>Defendants. | Civil Action No. 2:13-4015-CCC-JAD<br><br>**OPINION & ORDER** |

**CECCHI**, District Judge.

This matter comes before the Court upon the motion of Plaintiff Spacemax International LLC ("Plaintiff") for an order to show cause as to why a preliminary injunction should not be issued against Defendants Core Health and Fitness, LLC, Central Fitness Industrial Co., Ltd, and Myung-Bong Lee ("Defendants"), enjoining them from terminating their business relationship with Plaintiff and enjoining Defendants further from entering into a new exclusive distributorship agreement. Defendants opposed the motion. The Court held a telephone conference on this matter on July 18, 2013. After full consideration of the parties' submissions, as well as of the positions presented during the July 18 conference, Plaintiff's application for a preliminary injunction is denied.

Plaintiff is a distributor of sports and fitness equipment in Korea. Beginning in 2003, Spacemax began distributing Star Trac® fitness equipment on behalf of Unisen, Inc., pursuant to

a written, exclusive distributorship agreement, which by its terms terminated in 2006. See Pl.'s Br. at 7. In November 2010, Defendant Core Industries LLC (whose parent company, Core Health & Fitness, LLC, is also named as a Defendant in this action) acquired substantially all of the assets of Unisen through an Assignment for the Benefit of Creditors. See Def. Br. at 2-3.

Despite the expiration of the original distributorship agreement and the change in ownership, Plaintiff continued to sell and market Star Trac® equipment in Korea until June 2013. See Pl.'s Br. at 8. In June 2013, Defendants informed Plaintiff that they would no longer be a distributor of Star Trac® equipment (with the exception of one large client, Samsung), and that Defendant Central Fitness would be the new exclusive distributor of Star Trac® in Korea. See Pl.'s Br. at 8. Plaintiff contends that two letters written by Star Trac, one in 2007 and the other in 2011, representing Plaintiff as the exclusive distributor of the Star Trac® product line in Korea "through at least 2014," see Pl.'s Br. at 9, form a binding distributorship agreement, which has been breached by Defendants' actions.

"[A]n injunction is 'an extraordinary remedy, which should be granted only in limited circumstances.'" Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578, 586 (3d Cir. 2002) (citations omitted). "The decision whether to enter a preliminary injunction is committed to the sound discretion of the trial court." Duraco Prods., Inc. v. Joy Plastic Enters., 40 F.3d 1431, 1438 (3d Cir. 1994). In considering whether to grant a preliminary injunction, a court must review the following factors: "(1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." Shire U.S., Inc. v. Barr Labs., Inc., 329 F.3d 348, 352 (3d Cir. 2003). A party must produce sufficient evidence of all four

factors for the requested injunctive relief to be awarded. Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994). Although Plaintiff's claims are grounded in state law,[1] federal courts apply a federal standard in determining whether a preliminary injunction should issue. Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 799 (3d Cir. 1989).

A party seeking a preliminary injunction must make "a clear showing of immediate irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989) (quoting ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)). "Establishing a *risk* of irreparable harm is not enough. A plaintiff has the burden of proving a clear showing of immediate irreparable injury." ECRI, 809 F.2d at 26 (citations and quotations omitted) (emphasis added). Mere speculation as to an injury that will result, in the absence of any facts supporting such a claim, is insufficient to demonstrate irreparable harm. See Grupo Mexicano De Desarrollo v. Alliance Bond Fund, 527 U.S. 308, 327-30 (1999).

Plaintiff has not sufficiently demonstrated that it will suffer irreparable harm in the absence of a preliminary injunction. Plaintiff's primary argument is that without intervention from the Court, it will lose its significant market share in Korea and potentially face a collapse of its business as a whole. See Pl.'s Br. at 15. Plaintiff is correct in noting that the Third Circuit has held that in competitive industries, loss of market share and goodwill by a business *may* be irreparable harm, if so significant or incalculable that it is not compensable by money damages. See Novartis, 290 F.3d at 596 (emphasis added). However, the loss of customer goodwill is often calculable and

---

[1] There is some question as to whether California or New Jersey state law will be controlling on Plaintiff's claims. However, as acknowledged by all parties, differences in law between the two states have no bearing on the outcome of this motion. See Pl.'s Br. at 17, Def. Br. at 3, n. 1.

3

compensable, and its mere pleading does not necessitate injunctive relief. See IKON Office Solutions, Inc. v. Belanger, 59 F. Supp. 2d 125, 132 (D. Mass. 1999) ("the loss of customer good will is not necessarily irreparable); see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 75 (D. Me. 1993) ("goodwill is frequently valued and recompensed in litigation). Although Plaintiff alleges that it will suffer significant and irreparable harm without an injunction, they have presented no evidence (regarding Plaintiff's ability to sell Star Trac® equipment in the Korean market or otherwise) sufficient to make a *clear* showing of irreparable harm not compensable by damages, as is required for the issuance of a preliminary injunction.

A preliminary injunction is not an appropriate remedy in this case, because any harm Plaintiff has suffered is compensable by money damages. See Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988) (when money damages will properly compensate a plaintiff for any harm suffered, an injunction is not the appropriate remedy). This is especially true in cases alleging breach of contract where there is an existing relationship between the parties. See Bennington Foods LLC v. St. Croix Renaissance Group, LLP, 528 F.3d 176, 178-79 (3d Cir. 2008) (monetary harm cannot be converted into irreparable harm based on a claim that a party is prevented from performing other contracts which may harm its reputation).

Furthermore, when the parties in a case have a longstanding relationship, and the arrangement is due to terminate, damages are ascertainable even if they cannot be immediately determined. See Instant Air Freight, 882 F.2d at 802-03 (lengthy relationship of parties combined with a contract set to terminate within two years made damages measurable in action for breach of contract). In the instant case, even if Plaintiff were to prevail on every claim *and* be granted injunctive relief, Defendant manufacturers would not be bound beyond 2014. See Pl.'s Br. at 1 (claiming the distribution agreement continues through 2014). Although the Court is not

4

indifferent to Plaintiff's predicament in facing the potential loss of its business, Plaintiff itself admits that Defendants made no promise of business beyond 2014, limiting any relief in duration. To hold otherwise would be to force the parties to extend a contract beyond its agreed upon terms. See Thayer Plymouth Ctr. Inc. v. Chrysler Motors Corp., 255 Cal. App. 2d 300, 305 (1967). Given Plaintiff's history of selling Star Trac® equipment for well over a decade and the agreement between Defendants Core and Central Fitness for a new exclusive distribution agreement, any loss in sales or harm to reputation can be given a monetary value by looking at sales records, profits, and financial analysis of what Plaintiff contends is a small, limited market.

**ACCORDINGLY, IT IS** on this **28th** day of **October 2013**,

**ORDERED** that Plaintiff's application for a preliminary injunction is denied; and it is further

**ORDERED** that the parties shall address any discovery issues with the Hon. Mark Falk, U.S.M.J.

**SO ORDERED.**

Claire C. Cecchi
United States District Judge